```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :    18-cr-179 (JSR)
        -v-                         :
                                    :    MEMORANDUM ORDER
MALIK GRAY,                         :
                                    :
        Defendant.                  :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is defendant Malik Gray's motion for release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 299. Although the Court was skeptical that Gray's initial pro se application evidenced a likelihood of success, nevertheless, the Court appointed counsel, Karloff C. Commissiong, Esq., who has done a most commendable job on Gray's behalf. Still, in the end, the motion must be denied.

The compassionate release statute, as modified by the First Step Act, provides that after certain administrative exhaustion requirements are met, and after considering the factors enumerated in 18 U.S.C. § 3553(a), "the court . . . may reduce the term of imprisonment . . . if it finds that — extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

1

Gray raises two arguments for compassionate release. First, he argues that he suffers form asthma that places him at high risk if he catches the COVID-19 virus.  In an effort to corroborate this assertion, Gray alleges that "he was given a pump to treat asthma, while he was on pre-trial release" approximately two years ago, though he cannot remember where. ECF No. 299, at 10-11 & n.15.  But Gray himself has not produced any medical records indicating he suffers from asthma; and his counsel, despite very diligent efforts, has been unable to locate any records corroborating Gray's assertion that he was given a pump to treat asthma, or any other indicator that he suffers from asthma.  ECF No. 297.

Moreover, even assuming that Gray received the treatment he recalls, there is no evidence that his asthma is sufficiently severe to place him at "high risk" as defined by the criteria set forth by the Centers for Disease Control and Prevention. See ECF No. 299, at 10 & n.14.  And in all other respects, as he concedes, he "appears to be an otherwise healthy 23 year old." Id. at 11.  For these reasons, even assuming arguendo that Gray suffers from asthma, Gray has not demonstrated that he is at a higher risk of developing severe complications if he does contract the virus.

Second, Gray argues that systemic issues at FCI Danbury, where Gray is housed, "have put all staff and all inmates at

2

risk of contracting COVID-19." Id. at 8. He argues that, "with or without a dormant condition," he "remains in harm[']s way of a deadly virus, which is capable of claiming his life." Id. at 11.

It is true that more than 150 inmates and staff at FCI Danbury have contracted COVID-19, and one inmate has died as a result. This is in stark contrast with many other -- though far from all -- federal prisons, where the infection rate has been low. On the other hand, the authorities at Danbury have now taken corrective measures that have led to only one inmate being currently infected.[1] Furthermore, Gray's argument cuts too broadly, for it would mandate that all defendants at Danbury be released, something not even remotely contemplated by the compassionate release statute. And even if this were theoretically conceivable, still, in the present circumstances of the virus at Danbury, now being brought under control, Gray has not demonstrated that the facility faces conditions so dire that "extraordinary and compelling" reasons support release of any and all FCI Danbury inmates, which is in effect what he argues should occur.

---

[1] BOP: Covid-19 Update, Federal Bureau of Prisons, available at https://www.bop.gov/coronavirus/ (last accessed August 11, 2020).

3

For these reasons, Gray's motion for compassionate release is denied.

SO ORDERED.

Dated:   New York, NY
         August 11, 2020

_____
JED S. RAKOFF, U.S.D.J.