```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :   18-cr-179-2 (JSR)
        -v-                          :
                                     :   MEMORANDUM ORDER
MALIK GRAY,                          :
                                     :
        Defendant.                   :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

The Court has received an unsigned, undated letter requesting compassionate release on behalf of defendant Malik Gray, ECF No. 307.

In May 2020, Gray sent a letter to the Court requesting similar relief, and the Court appointed an attorney to represent him. Order, ECF No. 272. Gray's counsel filed a motion for compassionate release on August 7, 2020, ECF No. 299. The motion contended that COVID-19 poses grave risks to all prisoners and that Gray faces particularly substantial risks because he has asthma. The motion conceded, however, that apart from Gray's alleged asthma, he "appears to be an otherwise healthy 23 year old." ECF No. 299, at 11. The Court denied Gray's motion for compassionate release on August 11, 2020. Memorandum Order, ECF No. 300.

1

The Court construes this letter to be a request for reconsideration.[1] The letter raises some of the same generalized coronavirus-related concerns that the Court already rejected as insufficient when it denied Gray's motion for compassionate release. It also alleges that Gray has a history of hypertension and has suffered medical episodes in BOP custody, such as debilitating headaches and dizziness. Finally, it alleges that Gray has already contracted and recovered from COVID-19.[2]

---

[1] The letter was apparently not drafted by Gray. It bears no signature, and the drafter's handwriting markedly differs from the handwriting in Gray's previous letter. Compare ECF No. 307 with ECF No. 295. This letter also references the Bureau of Prisons' authority to "process[] requests made by another person on behalf of an inmate." ECF No. 307, at 1. The letter does not demonstrate, however, that this Court may consider a third party's request. In some contexts, such as habeas corpus, courts will consider motions filed by a prisoner's "next friend." See ACLU ex rel. Unnamed U.S. Citizen v. Mattis, 286 F. Supp. 3d 53, 57 (D.D.C. 2017) (finding ACLU had "next friend" standing to represent American citizen detained incommunicado in Iraq). But the first requirement for "next friend" standing is that "the real party in interest cannot appear on his own behalf to prosecute the action." Id. (quoting Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)). Here, the unknown drafter has offered no reason to believe that Gray is unable to submit a letter on his own behalf (as he has already done).

Because the Court will deny the requested relief for independent reasons, the Court need not inquire further into who drafted this letter. However, the Court cautions that it will not consider further letters unless they are signed by Gray or by a "next friend" who demonstrates standing.

[2] The letter briefly mentions the Eighth Amendment, but it does not raise a colorable claim for violation of Gray's Eighth Amendment rights.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The letter identifies no intervening change in law.  The only pertinent intervening changes in fact are that Gray allegedly suffers from hypertension and that he contracted and recovered from COVID-19.

The Court is skeptical of the letter's contention that Gray has hypertension because that claim was absent from Gray's counseled motion for compassionate release.  In any event, even if Gray suffers from hypertension, given his general health and, most important, his age, the Court is not persuaded that it erred in denying compassionate release.  Cf. Memorandum Order 3-4, United States v. Stubbs, Docket No. 18-cr-284-4 (JSR), ECF No. 234 (Jan. 19, 2021) (explaining that, based on present medical evidence, "obesity and hypertension appear to be substantially less serious risk factors than age").

The other factual change -- that Gray has contracted and recovered from COVID-19 -- weakens Gray's argument.  While COVID-19

3

reinfection is possible, it is rare, at least for months after recovery.[3]

For the foregoing reasons, the request for reconsideration is denied.

SO ORDERED.

Dated:    New York, NY
          January 21, 2021

_____
United States District Judge

---

[3] Heidi Ledford, COVID Reinfections Are Unusual — But Could Still Help the Virus To Spread, Nature.com, https://www.nature.com/articles/d41586-021-00071-6 (Jan. 14, 2021) ("Most people who catch and recover from COVID-19 are likely to be immune for several months afterwards.")